PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska



RECEIVED
MAR 30 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Helen M. Smith          Case Number: A03-0087-01-CR (JKS)

Sentencing Judicial Officer:    James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:      April 15, 2004

Original Offense:               Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371, Willful Failure to File Income Tax Return in violation of 26 U.S.C. § 7203, Tax Evasion in violation of 26 U.S.C. § 7201 and U.S.C. § 2

Original Sentence:              24 months prison, 3 years supervised release

Date Supervision Commenced:     02/17/2006

Asst. U.S. Attorney: Thomas Bradley          Defense Attorney: Michael Dieni

## PETITIONING THE COURT

[ ]  To issue a warrant
[X]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number     Nature of Noncompliance

1                    The defendant has violated the Special Condition of Supervision 3, "Within six months of release on supervised release, the defendant shall file accurate and complete income tax returns for the years 1991 through 2003," in that on or about July 17, 2006, the defendant failed to submit accurate and complete income tax returns for the years 1991 through 2003. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]  Revoked
    [ ]  Extended for _____ year(s), for a total term of _____ years.

[ ]  The conditions of supervised release should be modified as follows:

Petition for Warrant or Summons
Name of Offender    :    *Helen M. Smith*
Case Number    :    *A03-0087-01-CR (JKS)*

                                     Respectfully submitted,

                                  **REDACTED SIGNATURE**

                                  Charlene Wortman
                                  U.S. Probation Officer
                                  Date: March 23, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

                                  /s/James K. Singleton, Jr.

                                  James K. Singleton
                                  Senior U.S. District Court Judge

                                  March 30, 2007
                                  Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court**may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | Case Number: A03-0087-01-CR (JKS) |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Helen M. Smith ) | |

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Helen M. Smith, and in that capacity declare as follows:

On April 14, 2004, the defendant was sentenced in U.S. District Court for the offenses of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 (Count 1), Willful Failure to File Income Tax Return in violation of 26 U.S.C. § 7203 (Counts 2, 3, 4), Tax Evasion in violation of 26 U.S.C. § 7201 and U.S.C. § 2 (Count 8). The defendant received a total sentence of twenty-four (24) months imprisonment and three (3) years supervised release.

The defendant's term of supervision commenced February 17, 2006, at which time the defendant reported she had already filed the tax returns required under Standard Condition of Supervision #3. The defendant was instructed to provide the probation officer with a copy of these returns.

On August 16, 2006, the probation officer contacted the defendant at her residence, and she was reminded to provide the probation officer with a copy of the tax returns she had filed in order to satisfy the condition of supervision.

On September 15, 2006, the defendant submitted a copy of the tax returns she had filed for the years 1996 through 2002. The tax returns were date-stamped November 24, 2003, and all indicated a "zero return," meaning she reported zero income, zero tax and credits, zero payments and zero refunds. Each return included eight pages of arguments to support her filings.

On February 2, 2007, the defendant met with the probation officer as instructed. The defendant maintained that the filings, as indicated in the copies provided to the probation officer, were accurate.

On March 21, 2007, the defendant attended a meeting with the probation officer, her supervisor, and representatives from the Internal Revenue Service. The defendant stated that the copies of the tax returns from 1996 through 2002, submitted to the probation officer, were those that the defendant had filed with the Internal Revenue Service in November of 2003. She stated that she currently believed the returns to be true and accurate and that they are intended to satisfy the Special Condition of Supervision #3. She further stated that she believed she had filed similar

tax returns for the years 1991 through 1995, and those would indicate a "zero return" as well.

A review of the returns indicate they are not accurate based upon evidence regarding the defendant's income and taxes which was presented in the jury trial of which she was convicted of the present offenses. A Special Agent with the Internal Revenue Service has verified that the returns are not accurate.

Executed this 23rd day of March, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
Charlene Wortman
U.S. Probation Officer